**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BRANDI L. MCKENZIE,                              )
                                                 )        **CIVIL ACTION NO. 3:12-250**
                               Plaintiff,         )
                                                 )        **JUDGE KIM R. GIBSON**
              v.                                 )
                                                 )
DEMATIC CORP., ET AL.,                           )
                                                 )
                               Defendants.        )

**MEMORANDUM OPINION AND ORDER**

### I.      Introduction

Pending before the Court are Defendants' motions in limine to exclude evidence and argument regarding: (1) the Occupational Safety and Health Administration investigation of CVS/Caremark (ECF No. 76); (2) other accidents (ECF No. 78); (3) post-sale modifications and retrofit designs (ECF No. 80); and (4) subsequent remedial measures (ECF No. 82).

For the reasons that follow, subject to further rulings of the Court as the trial progresses, and with the limitations outlined below, (1) Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Occupational Safety and Health Administration Investigation of CVS/Caremark (ECF No. 76) is **GRANTED IN PART** and **DENIED IN PART,** (2) Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Other Accidents (ECF No. 78) is **DENIED**, (3) Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Post-Sale Modifications and Retrofit Designs (ECF No. 80) is **DENIED**, and (4) Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Subsequent Remedial Measures (ECF No. 82) is **DENIED**.

## II.     Background [1]

This case arises from injuries Plaintiff sustained while working as a split-case picker at a CVS distribution facility in Somerset, Pennsylvania in 2010. Plaintiff reached her hand inside the structure of a trash conveyor manufactured by Defendants. Plaintiff sued Defendants, asserting claims for defective design, failure to warn, and negligence. The final pretrial conference in this matter is scheduled for August 31, 2016, and trial is scheduled to begin on September 12, 2016.

## III.    Discussion

The Court will address Defendants' four pending motions in limine, including any applicable law and the parties' briefing, in turn.

### a.   Defendants' Motion In Limine to Exclude Evidence and Argument Regarding Occupational Safety and Health Administration Investigation of CVS/Caremark

Defendants have moved to bar Plaintiff from presenting evidence or argument related to the investigation conducted by the Occupational Safety and Health Administration (**OSHA**) following Plaintiff's injury. (ECF No. 76.) More specifically, Defendants state that this motion includes, but is not limited to, (1) the Citation and Notification of Penalty issued to CVS, (2) the Formal Settlement Agreement between CVS and OSHA, and (3) all materials in the OSHA investigative file. (*Id*.) Defendants argue that evidence regarding the OSHA investigation, including the initial citation, settlement agreement, and the OSHA investigative file, should be excluded as irrelevant. (ECF No. 77 at 2.) In the alternative, Defendants argue that Federal Rule

---

[1] This Memorandum Opinion and Order includes only an abbreviated account of the background of this case. For a more detailed account of the procedural and factual history, see the Court's Memorandum Opinion and Order denying Defendants' motion for summary judgment. (*See* ECF No. 71 at 1-4.)

of Evidence 403 requires exclusion of this evidence because the potential for unfair prejudice and jury confusion substantially outweighs its probative value. (*Id*.) Lastly, Defendants argue that Rules 801 through 803 preclude the citation and investigative file as hearsay, and that the settlement agreement is an inadmissible completed compromise under Rule 408. (*Id*.)

In opposition to Defendants' motion, Plaintiff notes that she does not intend to offer evidence regarding the OSHA citation or the OSHA settlement at trial, and concedes that these two documents are inadmissible. (ECF No. 96 at 3.) Defendants' motion is therefore unopposed with regard to those two documents. Accordingly, Defendants' motion in limine is granted insofar as it relates to the OSHA citation and the OSHA settlement agreement.

In addition to the OSHA citation and settlement, however, Defendants also seek to exclude "all materials in OSHA's file." (*See* ECF No. 76.) Plaintiff states that the OSHA file includes many different categories of documents, and asserts that Defendants should not be permitted to "cherry pick" a few "allegedly problematic documents" in seeking to have the entire case file excluded. (ECF No. 96 at 4.) Plaintiff thus argues that this "request for a blanket exclusion of more than 260 pages of documents" should be denied, and that instead, the Court should make determinations of whether specific portions of the case file may be admitted on an individualized basis. (*Id*. at 5-6.)

In reply, Defendants state that they cannot respond to Plaintiff's assertions meaningfully without knowing which specific OSHA-related documents Plaintiff plans to proffer at trial. Defendants thus ask the Court to order Plaintiff to specify which documents she plans to offer

from the OSHA investigative file so that Defendants may advise the Court on their position as to the admissibility of these documents in advance of trial. (ECF No. 101 at 14.)

Plaintiff objects to being required to provide a detailed list of OSHA-related documents in advance of trial, and asks the Court to address Defendants' objections to material included in the OSHA investigative file on an individual basis during trial as necessary. (ECF No. 103 at 13.)

The Court concludes that it would be inappropriate to exclude the entirety of the OSHA case file at this time. Instead, the Court will assess the admissibility of the portions of the OSHA file that Plaintiff seeks to admit on an individual basis. Defendants' motion to exclude the entire OSHA file is therefore denied without prejudice to Defendants raising objections to specific portions of the file in accordance with this Memorandum Opinion. *See Out-A-Sight Pet Containment, Inc. v. Radio Systems Corp.*, 330 F.Supp.2d 536, 539 (E.D. Pa. 2004) (noting that courts do not generally exclude evidence in the abstract and denying motion in limine requesting a blanket exclusion of testimony); *Bair v. Purcell*, 2008 WL 250096, at *7-8 (M.D. Pa. Jan. 29, 2008) (denying motion in limine that requested a blanket exclusion of certain evidence without prejudice to appropriate objections being raised at trial).

The Court does not agree with Plaintiff, however, to the extent she argues that it would be unduly burdensome to require her to identify OSHA-related documents that she plans to introduce in advance of trial. Plaintiff argues that requiring her to do so would limit her ability to use such documents for the purpose of refreshing a witness's memory on the stand or for rebuttal. Given the well-established rules of limited admissibility, however, this argument is unavailing. Even if the Court determines in advance of trial, for example, that Plaintiff's

specified OSHA-related documents are inadmissible as substantive evidence, Plaintiff might still be permitted to use these documents for a non-substantive purpose at trial. For example, if Plaintiff satisfied the requirements of Rule 612, portions of the OSHA file could be used to refresh the recollection of a witness on the stand, though those documents would not be permitted to go to the jury pursuant to that rule. *See U.S. v. Lnu*, 575 F.3d 298, 307 (3d Cir. 2009) ("[T]he contents of documents used solely to refresh a witness' recollection might never be shown in open court because the law does not permit the jury to see them.")

Therefore, to give Defendants sufficient time to review the portions of the OSHA case file that Plaintiff plans to proffer as substantive evidence, Plaintiff shall provide Defendant with notice of her planned evidence and argument relating to the OSHA case file in advance of the Pretrial Conference in this matter, which is currently scheduled for August 31, 2016, at 10:00 a.m. Defendants may then file appropriate objections to any such evidence and argument in advance of trial, at which time the Court may make a more reasoned determination as to whether the proffered evidence is appropriate on an individualized basis. As with all motions in limine, such rulings of the Court will be subject to further Court determinations as the trial progresses.

Accordingly, Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Occupational Safety and Health Administration Investigation of CVS/Caremark is granted in part and denied in part. The motion is granted insofar as it relates to (1) the Citation and Notification of Penalty issued to CVS, and (2) the Formal Settlement Agreement between CVS and OSHA, and Plaintiff will not be permitted to offer these documents at trial. The motion

is denied, however, with regard to the requested exclusion of all other materials in OSHA's file. Defendants will be permitted to raise objections to specific portions of the OSHA file on an individualized basis prior to the trial in this matter.

b. **Defendants' Motion In Limine to Exclude Evidence and Argument Regarding Other Accidents**

Defendants have moved to bar Plaintiff from presenting evidence or argument regarding other accidents involving products manufactured or sold by Defendants. (*See* ECF No. 78.) Specifically, Defendants state that they "anticipate that [P]laintiff will attempt to introduce evidence regarding other accidents involving [D]efendants' products to establish that the trash conveyor was defective and/or that [D]efendants had notice that the trash conveyor was dangerous," and that they seek to exclude that evidence. (ECF No. 79 at 2.)

Defendants argue that this evidence of other accidents should be excluded under Federal Rule of Evidence 402, which states that only relevant evidence is admissible at trial. (*Id.* at 3 (citing FRE 402).) Defendants state that Plaintiff has failed to establish that the other accidents occurred under circumstances substantially similar to those at issue in the present case, as she must for evidence of these accidents to be considered relevant. (*Id.*) Defendants also argue that Plaintiff should not be permitted to use evidence regarding other accidents to prove that Defendants should have had a "heightened awareness of safety issues in general and nip point hazards in particular." (*Id.* at 4 (internal quotations omitted).)

In response to Defendants' motion, Plaintiff states that she plans to prove that Defendants knew that unguarded nip-points were hazardous, and will prove this awareness at trial through, among other evidence, "Defendants' redesign and retrofitting of the conveyor and

. . . knowledge of other similar accidents concerning nip-points." (ECF No. 88 at 3.) Plaintiff specifies that her expert witness, Roelof DeVries will testify about "multiple instances where Dematic was made aware of people being injured by unguarded nip-points on their conveyors." (*Id.* at 7.) Plaintiff notes that Mr. DeVries will not testify that these other accidents demonstrate that the conveyor was defective, but rather that Defendants were aware that the unguarded nip-points were dangerous. (*Id.*) Plaintiff argues that the Federal Rules' "substantial similarity" requirement for evidence of other accidents is relaxed when the evidence is introduced solely to show the defendant's awareness of a dangerous condition. (*Id.*) Moreover, Plaintiff states that she has set forth facts to indicate that users of Defendants' conveyors were injured on unguarded nip-points, like Plaintiff, and that in at least one of those accidents, the individual was injured on a conveyor similar to the one on which Plaintiff was injured. (*Id.*)

In reply, Defendants argues that the "substantial similarity" test for the admissibility of evidence of other accidents applies regardless of the purpose for which this evidence is introduced. (ECF No. 101 at 6-7.) Defendants thus dispute Plaintiff's assertion that the Court should apply a relaxed standard here, where Plaintiff only intends to introduce the evidence for the purpose of showing that the Defendants were on notice of the potential danger of unguarded nip-points. (*Id.*) Defendants also argue that the proposed evidence is not relevant to the issue of notice anyway, because the earliest proposed accident occurred in 2007, which could not have put Defendants on notice in 1969 that the trash conveyor was dangerous. (*Id.* at 7.)

Only relevant evidence is admissible. FED.R.EVID. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Barker v. Deere and Co.*, 60 F.3d 158, 162 (3d Cir. 1995) (quoting FED.R.EVID. 401) (internal quotations omitted). Courts of Appeals are in agreement that "when a plaintiff attempts to introduce evidence of other accidents as direct proof of a design defect, the evidence is admissible only if the proponent demonstrates that the accidents occurred under circumstances substantially similar to those at issue in the case at bar." *Id*. (citing cases). This requirement of substantial similarity is especially important in cases where the evidence is being used to show that a product contained a design defect, because in such cases, the purpose of introducing evidence of other accidents is to allow the jury to infer that this defect contributed to the plaintiff's injuries. *Id*. at 162-63. "Before the Court can make a reasoned determination as to whether the prior accidents are substantially similar, it must be apprised of the specific facts of the previous accidents." *Rapchak v. Haldex Brake Products Corp*., 2016 WL 3752908, at *9 (W.D. Pa. July 14, 2016) (citing *Barker*, 60 F.3d at 162-63) (internal quotations omitted).

Here, the Court finds that evidence of the other accidents is relevant, because such evidence is probative of whether Defendants were on notice that unguarded nip-points on conveyors were dangerous, which may in turn support Plaintiff's theory that Defendants had an ongoing duty to warn CVS and its employees of such danger. Moreover, the Court finds that Plaintiff has provided the Court with sufficient information to determine that the six accidents

outlined in Mr. DeVries' report occurred under sufficiently similar circumstances such that they are relevant for the purpose of establishing that Defendants were on notice of the potential danger posed by an unguarded nip-point. With regard to six of the proposed other accidents, Plaintiff has provided information that includes the date, location, complaint, and individual's name. (ECF No. 79-1 at 2-4; ECF No. 88 at 8.) These accidents all involved conveyors manufactured by Defendants, and involved injuries related to unguarded nip-points. (ECF No. 79-1 at 2-4; ECF No. 88 at 8.) Therefore, while the Court agrees with Defendants that it must apply the substantial similarity test here, the Court concludes that Plaintiff has satisfied that test for the purpose of demonstrating that evidence of the six other accidents outlined in Mr. DeVries' expert report is relevant to the issue of notice.

Accordingly, Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Other Accidents (ECF No. 78) is denied, and the Court holds that Plaintiff may offer evidence of other accidents with two limitations. The first limitation is that Plaintiff may offer evidence of other accidents only for the purpose of establishing that Defendants were on notice that unguarded nip-points on conveyors are dangerous. Plaintiff may not offer such evidence to prove that the conveyor at issue suffered from a design defect or for any other purpose. At their discretion, Defendants should move at trial for a limiting instruction to this effect. *See In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation*, 2016 WL 1569719, at *3-4 (E.D. Pa. April 19, 2016) (drawing a distinction between admitting evidence of other incidents to prove notice and offering it to prove design defect; holding that evidence of Adverse Event Reports was admissible to show that the defendants were on notice of a

problem, but declining to rule on their admissibility to show design defect until plaintiff could provide additional factual context).

The second limitation is that Plaintiff may offer evidence only of the six occasions on which users of Defendants' conveyors were injured on unguarded nip points, but may not offer evidence of the "10 additional ones that post-date the McKenzie incident." (*See* ECF No. 79-1 at 3-5.) Given that the Court has limited the admissibility of evidence of other accidents to the purpose of establishing Defendants' notice, incidents that took place after Plaintiff's injury are irrelevant and are therefore inadmissible.

### c. Defendants' Motion In Limine to Exclude Evidence and Argument Regarding Post-Sale Design Modifications and Retrofit Designs

Defendants have moved to preclude Plaintiff from introducing evidence or argument regarding (1) Defendants' design modifications to the drive assembly model used in the trash conveyor after Defendants sold the trash conveyor to CVS in 1969, and (2) any retrofit designs that Defendants developed after 1969 for drive assembly units that had been sold. (ECF No. 80.)

Defendants state that they anticipate, based on Mr. DeVries' report, that Plaintiff will offer evidence regarding post-sale design modifications and retrofit designs to establish that the trash conveyor was defective when it was sold and to show that Defendants were negligent in failing to retrofit. (ECF No. 81 at 4.) Defendants argue that Plaintiff should be precluded from offering such evidence for either purpose. (*Id*.)

Defendants state that Plaintiff has submitted an expert report from Mr. DeVries that concludes that the trash conveyor was defective, in part because Defendants (1) subsequently redesigned the drive assembly model (Model 6502) used in the conveyor to add a physical

guard, and (2) designed a retrofit for Model 6502 units that had previously been sold. (*Id.* at 2.) Defendants state that Mr. DeVries concludes that Defendants acted inappropriately by "failing to communicate to CVS a need to retro-fit their existing trash conveyor with a guard." (*Id.* at 3 (internal quotations omitted).)

Defendants' arguments related to this evidence proceeds in two parts. First, Defendants argue that Plaintiff should be precluded from presenting evidence regarding post-sale design modifications and/or retrofit designs to establish that the trash conveyor was defective when it was sold in 1969. (*Id.* at 4.) In support of this argument, Defendants state that there is no evidence that Defendants ever developed a retrofit for units that had already been sold. Defendants argue that Mr. DeVries' contrary belief is based on a 1974 manual that could have been used to retrofit, but that there is no evidence that it actually was used for such purpose. (*Id.* at 4-5.) Defendants also argue that such evidence should be excluded under FRE 403, because, they state, "[t]he fact that a manufacturer made design modifications to subsequent versions of the product has minimal (if any) probative value as to the defectiveness of the product at the time of sale." (*Id.* at 5.) Further, Defendants argue that this evidence risks causing unfair prejudice to Defendants and juror confusion because evidence related to changes to the product after the time of sale may divert the jury's attention from the relevant time period to what was done to the product later. (*Id.* at 5-6.)

Second, Defendants argue that the Court should preclude Plaintiff from introducing evidence regarding retrofitting to show that Defendants were negligent or acted inappropriately in failing to retrofit the conveyor. (*Id.* at 6.) Defendants note that it appears that Mr. DeVries

may opine on Defendants' "responsibility to retrofit." (*Id*.) Defendants state, however, that it is well-established under Pennsylvania law that manufacturers have no duty to retrofit, and that this evidence is therefore irrelevant. (*Id*. at 6-7.)

In opposition to Defendants' motion, Plaintiff argues that subsequent design and retrofit evidence is relevant and admissible. Plaintiff, relying on *Diehl v. Blaw-Knox*, 360 F.3d 426 (3d Cir. 2004), argues that evidence of a subsequent design change and a retrofit design change for the conveyor are "relevant to show that the earlier design of the conveyor was insufficient and that the Defendants recognized this deficiency long before the accident." (ECF No. 90 at 7.) Plaintiff notes that Defendants' argument that there was no retrofit designed is unsubstantiated, and that Mr. DeVries report demonstrates that information was passed along to customers describing how to retrofit their conveyors. At a minimum, Plaintiff argues that this is a credibility determination that should be left to the jury. (*Id*. at 6 n.1.) Plaintiff states that evidence of the guard design change and retrofit design is relevant and does not unfairly prejudice Defendants. (*Id*. at 7.)

Plaintiff also argues that such evidence is relevant to Plaintiff's failure to warn claim. Plaintiff states that she will present evidence to support a finding that Defendants owed CVS and its employees an ongoing duty to warn of known dangers to the conveyor under Pennsylvania law because the conveyor was easy to locate and because Defendants had been in the CVS facility on multiple occasions and had worked on and near the conveyor multiple times, including relocating it. (*Id*. at 8-10.) Plaintiff thus states that the "evidence of the design

change and the creation of a retrofit design are relevant to Dematic's knowledge of the defective design and Dematic's failure to warn of the danger." (*Id.* at 8.)

In reply, Defendants note two points: (1) Defendants argue that Pennsylvania law only imposes a duty to warn where a product was defective at the time of sale, and that here, there is no evidence that Defendants redesigned the conveyor because they became aware that previously-manufactured conveyors were dangers. Therefore, Defendants argue, the post-sale design modifications carry no probative value with respect to whether the trash conveyor was defective when sold; and (2) Plaintiff does not dispute that she may not argue that Defendants were negligent for not retrofitting the trash conveyor in the CVS facility. (ECF No. 101 at 13.)

In her sur-reply brief, Plaintiff argues that while Defendants have indeed advanced the argument that the conveyor was not defective at the time of sale, Plaintiff disputes this statement, and argues that it is unsupported by the evidence in this case. Accordingly, Plaintiff argues, evidence of the design modifications and retrofit designs is relevant to whether Defendants had an ongoing duty to warn of defects in the conveyor at the time of design, manufacture, and sale. (ECF No. 103 at 12-13.)

Only relevant evidence is admissible. FED.R.EVID. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Barker*, 60 F.3d at 162 (quoting FED.R.EVID. 401) (internal quotations omitted). Even when evidence is relevant, however, the Court may exclude such evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading

the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED.R.EVID. 403.

The Court finds that the post-sale design modifications and retrofit designs evidence at issue is relevant for the purposes of establishing that the conveyor was defective and is not barred by Rule 403. Defendants correctly note that Plaintiff does not appear to contest Defendants' argument that Plaintiff should be precluded from presenting such evidence for the purpose of showing that Defendants negligently failed to retrofit the conveyor. Thus, this evidence will not be permitted for that use, and Defendants should move for a limiting instruction if they find that one would be useful to the jury at trial.

For the purpose of establishing that the trash conveyor was defective and for the purpose of supporting Plaintiff's failure to warn theory, however, the Court finds that evidence of post-sale design modifications and retrofit designs is relevant and is not outweighed by risk of unfair prejudice or jury confusion under Rule 403. As Plaintiff notes, the design at issue is a guard involving a metal shield affixed to the conveyor by bolts. (ECF No. 90 at 7.) There is no question that such a design would have been available at the time the conveyor was manufactured. There is, therefore, no risk that the jury would be confused by a temporal limitation of what safety precautions would have been available at the time of manufacture versus those available today. *See Dielh v. Blaw-Knox*, 360 F.3d 426, 432 (3d Cir. 2004). Evidence of the design change is also probative of Defendants' knowledge that such a design existed and was feasible, which may provide support for Plaintiff's claim for failure to warn of a known defect. (*See* ECF No. 90 at 8.)

Additionally, Defendants' argument as to whether the retrofit design was indeed ever used for that purpose is misplaced. While Defendants may question whether Defendants ever used the design in question as a retrofit and may cross-examine Mr. DeVries on this point, this is a question of fact that will be left to the jury's determination. It does not serve as a basis for excluding such evidence.

Because the Court finds that the evidence at issue is probative of whether the conveyor was defective at the time of sale and of whether Defendants had an ongoing duty to warn Plaintiff, and further because the Court finds that such evidence would not confuse or mislead the jury or cause unfair prejudice to Defendants, Defendants' Motion to Exclude Evidence and Argument Regarding Post-Sale Design Modifications and Retrofit Designs (ECF No. 80) is denied. Plaintiff will be permitted to introduce such evidence only for the purpose of establishing that the conveyor was defective and for the purpose of supporting her failure to warn claim. *See Diehl*, 360 F.3d at 432 (holding that where risks of jury confusion and unfair prejudice were minimal and where the design change at issue was available to the defendant at the time of manufacture, the district court erred in excluding evidence of a product redesign to show whether the product at issue lacked a feature reasonably necessary to make the product safe).

### d. Defendants' Motion In Limine to Exclude Evidence and Argument Regarding Subsequent Remedial Measures

Defendants move to preclude Plaintiff from introducing evidence or argument related to remedial measures that were taken with respect to the trash conveyor after July 6, 2010. (ECF No. 82.) Defendants argue that such evidence is barred by FRE 403, because the danger of unfair

prejudice and the risk of misleading the jury "substantially outweigh any minimal probative value that such evidence may hold." (ECF No. 83 at 3.) Defendants state that Pennsylvania product liability law must play a role in the Court's determination of whether evidence is relevant under the Federal Rules of Evidence, and that here, because Pennsylvania law requires a product's safety to be adjudged as of the time it left the manufacturer's hands, and because a subsequent remedial measure by definition occurred after this time, such evidence is of diminished relevance. (*Id.*) Defendants also note that the Third Circuit and the Pennsylvania Supreme Court have observed the risks associated with evidence of subsequent remedial measures in products liability cases, including the risk of diverting the juror's attention away from the appropriate time frame. (*Id.* at 3-4.)

Here specifically, Defendants state that the risk of unfair prejudice is particularly great because "there is no evidence as to why the remedial measures were taken, or by whom." (*Id.* at 4.) Defendants thus argue that this case is distinguishable from *Diehl*, wherein the Third Circuit held that the district court improperly excluded evidence of subsequent remedial measures where it was established that such measures were taken specifically in response to the accident at issue in the case. (*Id.* at 5.) Defendants argue that in this case, "neither of CVS's corporate designee witnesses could explain why the guard was added to the trash conveyor, or by whom it was added." (*Id.*)

Therefore, Defendants argue, the evidence of the subsequent remedial measure has "minimal, if any, probative value as to whether the trash conveyor was defective when it was

manufactured more than forty years ago," and is likely to divert the jury's attention away from the safety standards available at that time. (*Id*.)

In opposition, Plaintiff argues that the Court should deny Defendants' motion to preclude her from offering evidence and argument regarding subsequent remedial measures. (ECF No. 91.) Plaintiff states that FRE 407 has no bearing on the matter at issue, because it is undisputed that Defendants did not perform the subsequent remediation to the conveyor. (ECF No. 92 at 4.) Plaintiff then argues that FRE 403, while applicable in this case, does not preclude such evidence because under Third Circuit case law, "evidence of subsequent remedial measures is relevant (and not unfairly prejudicial) in products liability cases because 'the implementation of remedial measures to improve the safety of a product is consistent with an inference that the older product of a similar design was defective.'" (*Id*. at 5 (quoting *Diehl*, 360 F.3d at 431).) Plaintiff argues that Defendants have misconstrued the Third Circuit and Pennsylvania Supreme Court case law on this point, and that contrary to Defendants' position, such case law supports Plaintiff's ability to offer evidence of subsequent remedial measures in this case. (*Id*. at 5-6.) Plaintiff asserts that, like *Diehl*, this is not a state of the art case and that subsequent remedial measures are therefore relevant and non-prejudicial. Plaintiff also states that "there is virtually no possibility for confusion of the jury as to why the guard was added or by whom in this matter, thereby eliminating any possible prejudice." (*Id*. at 6-7.)

Contrary to Dematic's representations, Plaintiff argues that "the evidence in this matter clearly shows that CVS created and affixed the guard in response to an OSHA investigation of the accident." (*Id*. at 8.) Similarly, Plaintiff argues that the evidence demonstrates that CVS

created and affixed the signage for the emergency switch in response to the OSHA investigation. Plaintiff states that the record shows that OSHA initially found the lack of a guard and signage to be citable offenses, and reached a compromise with CVS as a result of the guard and signage being added. (*Id*.) Plaintiff thus argues that there can be little dispute that the guard and signage for the emergency switch were added by CVS in response to Plaintiff's accident and to prevent such accidents from occurring in the future. (*Id.* at 8-9.) As a result, Plaintiff states that this case is governed by *Diehl*, and Plaintiff should thus be permitted to introduce evidence of these subsequent remedial measures. (*Id*.)

In reply to Plaintiff's opposition, Defendants state that the Court should disregard Plaintiff's argument that the OSHA materials establish that the guard and signage were added in response to Plaintiff's accident, because such materials are inadmissible. (ECF No. 101 at 11-13.)

In her sur-reply brief, Plaintiff argues that "the admissibility of the subsequent remedial measures does not rise and fall on the admissibility of OSHA documents." (ECF No. 103 at 12.) Plaintiff states that CVS is available to testify at trial regardless of whether the OSHA documents are admissible, and that the OSHA materials could be used to refresh a CVS witness's recollection, even if such documents themselves are inadmissible as substantive evidence. (*Id*.)

The Court agrees with Plaintiff and will deny Defendants' motion to exclude Plaintiff's evidence and argument of subsequent remedial measures. FRE 407 precludes the evidence of subsequent measures to prove "defect in a product or its design" or the "need for a warning or

instruction." FED.R.EVID. 407. It is, however, well-established that FRE 407 does not apply to subsequent remedial measures taken by a non-party. *See Diehl*, 360 F.3d at 430 ("Because Rule 407 does not apply to evidence of subsequent remedial measures taken by a non-party, it was error for the District Court to exclude evidence of the IA redesign under that rule."). *See also Sell v. Ingersoll-Rand Co.*, 136 Fed.Appx. 545, 546 (3d Cir. 2005) ("[T]he District Court did not err in refusing to apply Rule 407 to exclude evidence of a non-party's post-accident addition to the oil-rig."); *Rivera v. Lehigh County*, 2015 WL 7756193, at *8 (E.D. Pa. Dec. 2, 2015) ("There is no basis in law to preclude [subsequent remedial] measures taken by a non-party.").

Here, it is undisputed that the subsequent remedial measures at issue—the addition of a guard and signage to the conveyor—were not taken by a party to this lawsuit. Rule 407, therefore, has no bearing on the outcome of Defendants' motion to exclude evidence and argument of subsequent remedial measures.

Defendants also rely on Rule 403 to exclude such evidence. Rule 403 bars "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED.R.EVID. 403. Here, the Court cannot conclude that the probative value of evidence of the subsequent addition of signage and a guard to the conveyor at issue is outweighed by one or more of these risks outlined in Rule 403. First, as noted by Plaintiff, this case does not present a "state of the art" issue, because there is no dispute that the remedial measures in question were available to the manufacturer at the time the conveyor was made. As a result, the risk of jury confusion is minimal, as the jury will not be required to make a

"temporal distinction" to determine what would have been required to make the conveyor safe at the time it was made versus what would be necessary to make it safe today. *See Diehl*, 360 F.3d at 432.

Moreover, the Court finds Defendants' argument as to the admissibility of the OSHA documents irrelevant to the analysis here. The Court has deferred ruling on the admissibility of the entire OSHA investigative file until Plaintiff has identified which specific portions of the file she plans to introduce. It is, however, undisputed by the parties that the remedial measures at issue were taken in response to Plaintiff's accident. That Defendants' corporate witnesses do not have personal knowledge of the reasoning behind the subsequent remedial measures does not change the fact that CVS made the changes in response to the OSHA investigation and citations. The question before the Court pursuant to Rule 403 is whether the evidence at issue would unfairly prejudice Defendants. Here, there is nothing unfair about the jury hearing evidence that suggests that the guard and signage were added in response to Plaintiff's accident, because neither party seriously disputes this fact. (*See* ECF No. 101 at 12 ("It is true that correspondence between CVS and OSHA indicates that guarding was added to the trash conveyor in response to OSHA's site inspection").) *See also Diehl*, 360 F.3d at 432-33 (holding that evidence of subsequent remedial measures added by a non-party were admissible where there was no risk of juror confusion because there was no dispute that the safety measures at issue were available at the time of manufacture, and where there was also no dispute that the redesign was done in direct response to the plaintiff's accident).

Therefore, regardless of whether the jury will actually hear evidence about the OSHA investigation, Plaintiff should be permitted to present evidence of changes that were made subsequent to the accident. Such evidence is probative of whether the conveyor lacked safety features at the time of its manufacture, and the Court finds that its relevance is not outweighed by other factors. Defendants' motion to exclude evidence and argument of subsequent remedial measures is denied and Plaintiff will be permitted to introduce such evidence at trial regardless of the Court's ruling on the contents of the OSHA case file.

## IV.    Conclusion

For the foregoing reasons, subject to further rulings of the Court as the trial progresses, and with the limitations discussed above, the Court holds that (1) Defendants' motion in limine to exclude evidence and argument regarding Occupational Safety and Health Administration investigation of CVS/Caremark (ECF No. 76) is granted in part and denied in part, (2) Defendants' motion in limine to exclude evidence and argument regarding other accidents (ECF No. 78) is denied, (3) Defendants' motion in limine to exclude evidence and argument regarding post-sale modifications and retrofit designs (ECF No. 80) is denied, and (4) Defendants' motion in limine to exclude evidence and argument regarding subsequent remedial measures (ECF No. 82) is denied.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDI L. MCKENZIE,                )
                                   )          **CIVIL ACTION NO. 3:12-250**
                   Plaintiff,      )
                                   )          **JUDGE KIM R. GIBSON**
         v.                        )
                                   )
DEMATIC CORP., ET AL.,             )
                                   )
                   Defendants.     )

## ORDER

**AND NOW**, this 29th day of July, 2016, upon consideration of Defendants' motions in limine to exclude evidence and argument regarding (1) the OSHA investigation of CVS/Caremark (ECF No. 76), (2) other accidents (ECF No. 78), (3) post-sale modifications and retrofit designs (ECF No. 80), and (4) subsequent remedial measures (ECF No. 82), and subject to further rulings of the Court as the trial progresses, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Occupational Safety and Health Administration Investigation of CVS/Caremark (ECF No. 76) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The Motion is **GRANTED** insofar as it relates to the OSHA Citation and Notification of Penalty issued to CVS and the Formal Settlement Agreement between CVS and OSHA. Plaintiff will not be permitted to offer evidence or argument regarding these two items at trial;

b. The Motion is **DENIED WITHOUT PREJUDICE** with regard to the remaining contents of the OSHA investigative trial;

c. Plaintiff is **HEREBY ORDERED** to identify which portions of the OSHA case file she plans to introduce at trial before the Pretrial Conference in this matter, scheduled to take place on **August 31, 2016, at 10:00 a.m.** Defendants may then file any appropriate objections to those portions of the investigative file in advance of trial;

2. Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Other Accidents (ECF No. 78) is **DENIED**. Plaintiffs will be permitted to introduce evidence of other accidents at trial with two limitations:

   a. Plaintiffs may introduce such evidence for the sole purpose of establishing that Defendants were on notice that unguarded nip-points can be dangerous, and Defendants should move for an appropriate limiting instruction if they choose to do so at trial; and

   b. Plaintiffs may offer evidence only of the six occasions outlined in Mr. DeVries' report in which users of Defendants' conveyors were injured on unguarded nip points, but not of the ten additional accidents that post-date the McKenzie incident;

3. Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Post-Sale Modifications and Retrofit Designs (ECF No. 80) is **DENIED** with one limitation: Plaintiff will be permitted at trial to present such evidence and argument for the purposes of showing that the conveyor was defective and that Defendants had an

2

ongoing duty to warn CVS and its employees of the danger posed by the defect, but will not be permitted to use such evidence to show that Defendants were negligent in failing to retrofit the conveyor. Defendants should move for an appropriate limiting instruction to this effect at trial if they choose to do so; and

4. Defendants' Motion in Limine to Exclude Evidence and Argument Regarding Subsequent Remedial Measures (ECF No. 82) is **DENIED**.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

3